Accordingly, we conclude that the Board's construction of "aseptic" as incorporating "any applicable United States FDA standard" rather than only FDA regulations governing "aseptic packaging" was erroneous. Because the Board erred in its construction, we vacate the Board's opinion and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

(Reyna, Linn, and Taranto, Circuit Judges).

**JUDGMENT**

Per Curiam

THIS CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

**AFFIRMED. *See* Fed. Cir. R. 36.**

**Adriana PARRA, Petitioner**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent**

2016-1797

United States Court of Appeals, Federal Circuit.

May 9, 2017

**IPVENTURE, INC., Appellant**

v.

**FEDEX CORPORATION, Appellee**

2016-1911

United States Court of Appeals, Federal Circuit.

May 9, 2017

RAYMOND D. MARTINEZ, Martinez & Martinez Law Firm, PLLC, El Paso, TX, argued for petitioner.

DOMENIQUE GRACE KIRCHNER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also

C. DOUGLASS THOMAS, IpVenture, Los Altos, CA, argued for appellant.

JEFFREY A. BERKOWITZ, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for appellee. Also represented by MICHAEL VINCENT

A patentee cannot partially serve as a lexicographer for a claim term: either the specification includes a binding definition of that term

by way of lexicography, or it is to be read consistent with the plain and ordinary meaning.